IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:20-CV-00102-KDB-DSC

| | |
|---|---|
| PHILLIPS LANDING OF STATESVILLE LP, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| KEYBANK NATIONAL ASSOCIATION, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss [Pursuant to Fed. R. Civ. P. 12(b)(2) and (6)]" (document #6) and the parties' briefs and exhibits.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>granted in part</u> and <u>denied in part</u> as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Accepting the factual allegations of the Amended Complaint as true, Plaintiff is a North Carolina limited partnership that owns the Phillips Landing Apartments in Iredell County. Defendant is a bank with its principal place of business in Ohio. Beginning in 2014, Plaintiff attempted to refinance its existing loan on the apartments. After initially choosing another lender, Plaintiff

applied for a loan with Defendant in October 2017. In exchange for Plaintiff's $50,000 application fee and $7,500 underwriting fee, Defendant issued a document the parties identify as the Second KeyBank Term Sheet. It stated that the application was "subject to Lender's internal underwriting committee approval, due diligence and other considerations." Exhibit B to "Amended Complaint" (document #4).

The Second KeyBank Term Sheet also stated:

> This Term Sheet is provided for discussion purposes only and does not constitute a commitment to lend or an agreement to issue a commitment. Its terms are not all inclusive and are subject to Lender's internal underwriting committee approval, Lender's due diligence and other conditions, and satisfactory market conditions…No agreement (oral or otherwise) that may be reached during negotiations shall be binding upon the parties unless a commitment letter and final Loan documents have been executed by all parties…

Id. If the loan did not close, the Second KeyBank Term Sheet provided that fees would be refunded, less a $5,000 underwriting fee and Defendant's out-of-pocket expenses and due diligence costs. Defendant ultimately denied the loan and retained $29,256.84.

On July 16, 2018, Plaintiff filed a lawsuit in Iredell County Superior Court which was removed to the United States District Court for the Western District of North Carolina. See Phillips Landing of Statesville, LP, v. KeyBank, National Association, W.D.N.C. No. 5:18-cv-00133-MOC-DCK.

On August 6, 2019, the parties entered into a "Dismissal Agreement" (document #6-1) at 62-66. Paragraph 2 of the Dismissal Agreement states "[a]ny future complaint filed by Plaintiff against Defendant, will be filed in the United States District Court for the Western District of North Carolina." Id. at 62.

On August 8, 2019, the first lawsuit was dismissed without prejudice.

On August 4, 2020, Plaintiff refiled its Complaint stating claims for (1) breach of contract, (2) breach of duty of good faith and fair dealing, (3) negligent misrepresentation, and (4) unfair and deceptive trade practices. On August 11, 2020, Plaintiff filed an Amended Complaint abandoning its claim for unfair and deceptive trade practices but retaining the first three claims.

Defendant has moved to dismiss for lack of personal jurisdiction and failure to state a claim.

## II. DISCUSSION

### A. Motion to Dismiss for Lack of Personal Jurisdiction

As this Court has held, "[a]lthough the parties engage in a lengthy discussion of 'minimum contacts' and related issues, the Court must first determine whether the Defendant consented in a forum selection clause to personal jurisdiction in North Carolina. If it did, then a lengthy analysis of minimum contacts is not necessary." DMG Am., Inc. v. RT Precision Mach., LP, No. 3:08-CV-71-RJC, 2009 WL 1783554, at *3 (W.D.N.C. June 23, 2009) (citing Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 549–550 (4th Cir.2006)). It is well established that "[c]hallenges to personal jurisdiction may be waived by either expressed or implied consent," CoStar Realty Info., Inc. v. Field, 612 F. Supp. 2d 660, 669 (D. Md. 2009) (quoting Heller Financial Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1290 (7th Cir.1989). Since personal jurisdiction may be waived, "'there are a variety of legal arrangements' by which a litigant may give 'expressed or implied consent to the personal jurisdiction of the court.'" Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 n. 14, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (quoting Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)). Courts have also held that a valid forum selection clause, standing alone, is sufficient to confer personal jurisdiction on a non-resident defendant. Heller Fin. Inc., 883 F.2d at 1292 n. 4 (citing Burger King Corp., 471 U.S. at 472 n. 14, 105 S.Ct. 2174, for the proposition

that "[o]bviously, a valid forum-selection clause, even standing alone, can confer personal jurisdiction"); Dominium Austin Partners, L.L.C. v. Emerson, 248 F.3d 720, 726 (8th Cir.2001) (finding that "[d]ue process is satisfied when a defendant consents to personal jurisdiction by entering into a contract that contains a valid forum selection clause"); Chan v. Soc'y Expeditions, Inc., 39 F.3d 1398, 1407 (9th Cir.1994) (declaring that "[w]e agree with the Seventh Circuit, and hold that the district court erred in concluding that the forum selection clause in the passenger ticket could not confer personal jurisdiction over the parties who entered into it.")

Paragraph 2 of the parties' Dismissal Agreement states that "[a]ny future complaint filed by Plaintiff against Defendant, will be filed in the United States District Court for the Western District of North Carolina." Id. at 62. Clearly, Defendant has agreed to jurisdiction and venue in this District. Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss for lack of personal jurisdiction be denied.

### B. Motion to Dismiss for Failure to State a Claim

#### 1. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark [] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327

(1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

### 2. **Breach of Contract**

"The elements of a claim for breach of contract are (1) the existence of a valid contract and (2) breach of the terms of that contract." Supplee v. Miller-Motte Bus. Coll., Inc., 768 S.E.2d 582, 590 (NC App. 2015). Plaintiff has alleged that the parties entered into a contract where Plaintiff agreed to pay fees in the amount of $57,500 in exchange for Defendant agreeing to "fairly, reasonably, and legitimately undertake an evaluation of Plaintiff's loan request." Plaintiff alleges that Defendant failed to conduct the evaluation and retained unearned fees. For this and the other reasons stated in Plaintiff's brief, the undersigned respectfully recommends that Defendant's Motion to Dismiss the breach of contract claim be denied.

### 3. **Breach of Duty of Good Faith and Fair Dealing**

Under North Carolina law, a claim for breach of the covenant of good faith and fair dealing is not an independent cause of action. It requires a viable underlying claim for breach of contract. Polygenex Int'l, Inc. v. Polyzen, Inc., 515 S.E.2d 457, 461-62 (N.C. App. 1999) (affirming lower court's sanction against plaintiff for filing claim for breach of covenant of good faith because absent a breach of contract, there is no cause of action for breach of an implied covenant of good faith); see also Ada Liss Group v. Sara Lee Corp., 2009 WL 3241821 (M.D.N.C. Sept. 30, 2009) (citing Murray v. Nationwide Mut. Ins. Co., 472 S.E.2d 358, 368 (N.C. App. 1996) and Lord of Shalford v. Shelley's Jewelry, Inc., 127 F. Supp. 2d 779, 787-88 (W.D.N.C. 2000)); accord Dove

Air Inc. v. Florida Aircraft Sales, LLC, 2011 WL 3475972 (W.D.N.C. August 9, 2011) (in case involving a borrower-lender relationship, a "claim for breach of covenant of good faith and fair dealing is 'part and parcel' of a claim for breach of contract").

Plaintiff's breach of duty of good faith and fair dealing claim is indistinguishable from its breach of contract claim. In its "Memorandum in Opposition ...", Plaintiff states that the both claims arise from the same facts. Document #12 at 11. Plaintiff also notes that its damages are the same for both claims and that it is entitled to only one recovery. Id. For those and the other reasons stated in Defendant's briefs, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted as to a separate claim for breach of the duty of good faith and fair dealing.

### 4. Negligent Misrepresentation

Under North Carolina law, a claim for negligent misrepresentation requires a plaintiff to show "(1) that he justifiably relied (2) to his detriment (3) on the information prepared without reasonable care (4) by a defendant who owed a duty of care." GeoPlastics v. Beacon Dev. Co., 434 Fed. App'x. 256, 259-60 (4th Cir. 2011). North Carolina does not recognize any duty in the "banker-customer or lender-debtor relationship." Synovus Bank v. Karp, 887 F. Supp. 2d 677, 700 (W.D.N.C. 2011), memorandum and recommendation adopted, 887 F. Supp. 2d 677, (W.D.N.C. 2011). Plaintiff has not alleged "justifiable reliance" on any of Defendant's alleged statements where the Second KeyBank Term Sheet was provided for "discussion purposes only" and was "subject to Lender's internal underwriting committee approval, due diligence other conditions." Accordingly, the undersigned respectfully recommends that Plaintiff's claim for negligent misrepresentation be dismissed.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss [Pursuant to Fed. R. Civ. P. 12(b)(2) and (6)]" (document #6) be **GRANTED IN PART** and **DENIED IN PART**, specifically, that the Motion be **GRANTED** as to Plaintiff's claims for breach of duty of good faith and fair dealing and negligent misrepresentation, and **DENIED** in all other respects.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel and to the Honorable Kenneth D. Bell.

**SO ORDERED AND RECOMMENDED**.

Signed: November 18, 2020

David S. Cayer
United States Magistrate Judge