# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL NO. 5:20-CV-102-KDB-DSC

| | |
|---|---|
| PHILLIPS LANDING OF STATESVILLE, LP, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| KEYBANK NATIONAL ASSOCIATION, | ) ) |
| Defendant. | ) ) ) |

## AGREED PROTECTIVE ORDER

This lawsuit is currently in discovery, and it appears that such discovery will involve the disclosure of personal, confidential, trade secret, proprietary, technical, business and/or financial information (hereinafter referred to collectively as "Confidential Information" or "Confidential Material"). The parties to this litigation or third parties may assert that public dissemination and disclosure of Confidential Information could injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage. Accordingly, the parties consent to this Agreed Protective Order, and for good cause, it is further ORDERED AS FOLLOWS:

1. All Confidential Information in this case shall be used solely for the purpose of this lawsuit and for no other purpose. In no event shall any person receiving Confidential Information use it for commercial or competitive purposes, make any public disclosure of the contents thereof, or use it in any other lawsuit, other than in conjunction with prosecuting or defending this lawsuit.

2. Confidential Information, including but not limited to electronic and hard copy documents, deposition testimony, or discovery responses containing Confidential Information, as well as copies thereof, disclosed or produced by any party in this lawsuit (or by any third party or non-party) are referred to as "Protected Matters." Except as otherwise indicated below, Protected Matters may be designated by a producing party or producing non-party as "Confidential," or "Highly Confidential – Attorneys' Eyes Only," as described below. "Producing Party" refers to the party (or group of related parties) producing or designating the Protected Matters. "Receiving Party" refers to the party receiving or inspecting the Protected Matters.

3. If any answer given or document produced in response to any discovery in this case contains any Confidential Information, the responding party may mark such information or document as "Confidential," or "Highly Confidential – Attorneys' Eyes Only," as described below. Any information or document so marked shall not be disclosed to any person except as may be permitted by this Agreed Protective Order.

4. Protected Matters designated as "Confidential" shall be limited to material that the designating party believes in good faith constitutes or reveals a trade secret or other confidential research, development, or business and/or financial information. Protected Matters designated as "Highly Confidential – Attorneys' Eyes Only" shall be limited to material that the designating party believes in good faith is so commercially sensitive or confidential that the disclosure to another party, even under the restricted terms and conditions applicable to material designated "Confidential," would not provide adequate protection to the interests of the designating party.

5. Protected Matters shall not include (a) publicly available materials, (b) materials that have been published to the general public by legal means, or (c) documents that have been submitted to any governmental entity without request for confidential treatment.

6. This Agreed Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to Confidential Information.

7. The aforesaid designation as to documents shall be made by placing a rubber stamp impression, label or other mark of the word "Confidential," or "Highly Confidential – Attorneys' Eyes Only" on each page of the document which the designating party wishes to designate as Confidential. All documents so designated shall be labeled prior to the transmission of a physical copy thereof to the Receiving Party. Any and all medical and financial records received by virtue of responses to subpoena or by production requests supplied by either party shall be assumed Confidential, and as to those documents, no designation as "Confidential," or "Highly Confidential – Attorneys' Eyes Only" is necessary for purposes of this Agreed Protective Order.

8. The parties may designate portions of deposition testimony as "Confidential" by so designating such testimony at the deposition. The designation of testimony as "Confidential" will not render the entire deposition as Confidential. If testimony is designated as Confidential following the deposition, said designation must be made no later than thirty days after receipt of said deposition transcripts. Any court reporter who transcribes testimony in this action at a deposition shall agree, before transcribing any such testimony, that testimony is "Confidential" and shall remain Confidential and shall not be disclosed except as provided in this Agreed Protective Order; the copies of any transcript, reporter's notes, or other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter or delivered to attorneys of record. All deposition transcripts shall be treated as "Confidential" for a period of forty-five days after the receipt of the final transcript to permit any designations as described in this paragraph.

9. Subject to the provisions below, information and documents designated as "Confidential," or "Highly Confidential – Attorneys' Eyes Only" shall be disclosed only to certain qualified persons ("Qualified Persons"). Qualified Persons include:

    A. Outside counsel of record in this lawsuit for the party receiving Protected Matters, including their administrative staff (e.g. paralegals and secretaries) assigned to and necessary to assist counsel in the preparation or trial of this action;

    B. Current in-house counsel for the parties, including parent corporations and subsidiaries and other affiliated companies of the parties, including their administrative staff (e.g., paralegals and secretaries) assigned to and necessary to assist counsel in the preparation or litigation of this action;

    C. The Court and Court personnel;

    D. Court reporters and videographers who transcribe or record testimony at any depositions;

    E. Actual or potential independent experts or consultants (including translators) who have signed the Affirmation agreeing to be bound by the terms of this Agreed Protective Order (at Exhibit A hereto);

    F. One representative of each party in the lawsuit who shall be designated in writing by the party prior to any disclosure of Protected Matters to such person and who shall sign the Affirmation agreeing to be bound by the terms of this Agreed Protective Order (at Exhibit A hereto) prior to any disclosure of Protected Matters; and

    G. Personnel of graphics, litigation support, and trial/jury consulting firms,

including any mock jurors, engaged by a party or its attorneys in connection with this litigation who have signed or a representative has signed the Affirmation attached as Exhibit A hereto prior to any disclosure of Protected Matters.

10. Protected Matters designated as "Highly Confidential – Attorneys' Eyes Only" shall be restricted in circulation to Qualified Persons described in Paragraphs 9(A), 9(C), 9(D), and 9(G).

11. Before any party or attorney for any party in this lawsuit desires to give, show, make available or communicate any information or document designated "Confidential" to any person, other than those listed in paragraph 9 above, the attorney shall give a copy of this Agreed Protective Order to such person, who shall read this Agreed Protective Order, be fully familiar with its provisions and execute the attached affirmation agreeing to its terms.

12. If a Producing Party inadvertently produces a document, tangible item, or electronically stored information that it later discovers or in good faith asserts to be privileged, protected by the work product doctrine, or subject to some other immunity from disclosure ("Privileged Material") the production of that Privileged Material shall not be deemed to constitute a waiver of any applicable privileges, work product protection, or immunity from disclosure. In such circumstances, upon discovery of the inadvertent disclosure, the Producing Party shall promptly notify the Receiving Party of the inadvertent production, and request either the return or confirmation of destruction of the Privileged Materials. Within five business days of receiving such notification, the Receiving Party shall return or confirm destruction of all such materials, provided, however, that the Receiving Party need not purge such materials from its disaster recovery systems (e.g., backup tapes).

13. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Matters to any person or in an circumstance not authorized under this Agreed Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Matters, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Agreed Protective Order, and (d) request such person or persons execute the Affirmation that is attached hereto as Exhibit A. Unauthorized or inadvertent disclosure does not change the status of Protected Matters or waive the right to hold that disclosed document or information as Protected Matters.

14. The Agreed Protective Order shall not in itself be construed to waive any applicable privilege, work-product protection, or other protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege, work-product protection, or other protection.

15. With respect to any information or document, or portion thereof, which has been designated "Confidential," or "Highly Confidential – Attorneys' Eyes Only," any party may at any time serve a written notice of objection to such designation. Counsel shall attempt to resolve the dispute informally. If no agreement can be reached, counsel may move the Court for an Order denying Confidential or Highly Confidential – Attorneys' Eyes Only treatment to the documents or information in question. If such a motion is filed, the documents and/or information shall be kept Confidential or Highly Confidential – Attorneys' Eyes Only pending a ruling on the motion. The party asserting confidentiality has the burden to prove that the documents and/or information deserve such treatment.

16. To the extent that Protected Matters or information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Agreed Protective Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Matters or information contained therein.

17. After termination of this lawsuit, the provisions of this Agreed Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record through legal means.

18. Upon final termination of this lawsuit by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Matters shall make reasonable efforts to return to the Producing Party's counsel or destroy the Protected Matters and all copies thereof. If hard copy Protected Matters and copies are destroyed, outside counsel for the Receiving Party, upon request of counsel, shall certify to the Producing Party that the documents have been destroyed. Protected Matters stored electronically (e.g., document productions) shall be deleted; however, the Receiving Party is not required to purge Protected Materials from any backup or disaster recovery systems. Notwithstanding this provision, outside counsel for the parties are entitled to retain an archival copy of discovery responses, pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Matters. Any such archival copies that contain or constitute Protected Matters remain subject to this Agreed Protective Order. Outside counsel need not purge its document management system or disaster recovery system (e.g. backup tapes) to eliminate Protected Matters.

19. This Agreed Protective Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives,

7

Case 5:20-cv-00102-KDB-DSC   Document 26   Filed 03/22/21   Page 7 of 11

assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

20. This Agreed Protective Order shall apply to the parties and any non-party from whom discovery may be sought and who desires the protection of this Agreed Protective Order. Thus, any non-party requested or required to produce or disclose information in this proceeding, through subpoena or otherwise, may designate such information pursuant to the terms of this Agreed Protective Order.

21. Non-parties may be examined or testify concerning any document containing Protected Matters that appears on its face or from other documents or testimony to have been received from, or communicated to, the non-party as a result of any contact or relationship with the Producing Party. Any person other than the witness, his or her counsel, and any person qualified to receive Protected Matters under this Agreed Protective Order shall be excluded from the portion of the examination concerning such material, absent the consent of the Producing Party. If the witness is represented by an attorney who is not qualified under this Agreed Protective Order to receive Protected Matters, then prior to the examination, the attorney shall provide a signed Affirmation in the form attached hereto as Exhibit A, declaring that he or she will comply with the terms of this Agreed Protective Order and maintain the confidentiality of Protected Matters disclosed during the course of the examination. If such attorney declines to sign such a Confidentiality Agreement before the examination, the Parties, by their counsel, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Protected Matters. Nothing in this Agreed Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this lawsuit and, in the course thereof, referring to or relying upon his examination of Protected Matters produced by another party or a third-party; provided, however,

that in rendering such advice and in otherwise communicating with his client, the attorney shall not make specific disclosure of any item of the Protected Matters.

22. Nothing in this Agreed Protective Order shall preclude any party to this lawsuit or their attorneys from showing a document prepared prior to the filing of this action and designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to a deponent who may be examined and may testify concerning Protected Matters of which such person has prior knowledge.

23. This Agreed Protective Order is intended to provide a mechanism for the handling of Confidential documents and information. It is not intended by the parties to act as a waiver of the right to object to any disclosure of information or production of any documents they deem Confidential on any grounds they may deem appropriate, including, without limitation, confidentiality, relevance or privilege. Further, the provisions of this Agreed Protective Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding, except as directed by separate order entered for good cause shown.

24. The ultimate disposition of protected materials is subject to final order of the Court on the completion of the litigation. Any motion, memorandum, document or other paper filed with the Court is presumptively a public document and any decision of the Court regarding whether to allow any filing to be made under seal is subject to Local Rule 6.1 and applicable law.

25. Nothing in this Agreed Protective Order shall preclude any of the parties from otherwise seeking a modification of this Agreed Protective Order. Any change to this Agreed Protective Order by the parties must be in writing and signed by both parties.

**SO ORDERED**.

Signed: March 22, 2021

_____

David S. Cayer
United States Magistrate Judge

*Agreed to by:*

*/s/ Rachel Scott Decker*
(Per email consent 3/18/2021)
J. Patrick Haywood
State Bar No. 27881
Rachel Scott Decker
State Bar No. 22020
CARRUTHERS & ROTH, P.A.
235 N. Edgeworth Street (27401)
P.O. Box 540
Greensboro, NC 27402
Telephone: (336) 379-8651
Facsimile: (336) 478-1175
*jph@crlaw.com*
*rsd@crlaw.com*

*Counsel for Phillips Landing of Statesville, LP*

*/s/ Kristen Peters Watson*
Kristen Peters Watson
N.C. Bar No. 51410
BURR & FORMAN LLP
421 Fayetteville Street, Suite 1150
Raleigh, NC 27610
Telephone: (919) 334-4710
Facsimile: (919) 573-0771
*kwatson@burr.com*

and

*/s/ Kyle A. Hutnick*
Anthony J. Rospert (Admitted *Pro Hac Vice*)
Kyle A. Hutnick (Admitted *Pro Hac Vice*)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
Telephone: (216) 566-5500
Facsimile: (216) 566-5800
*Anthony.Rospert@ThompsonHine.com*
*Kyle.Hutnick@ThompsonHine.com*

*Counsel for KeyBank National Association*

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:20-CV-102-KDB-DSC

| | |
|---|---|
| PHILLIPS LANDING OF STATESVILLE, LP, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| KEYBANK NATIONAL ASSOCIATION, | ) ) |
| Defendant. | ) ) ) |

## AFFIRMATION

The undersigned hereby affirms that the undersigned: (1) has read and understands the Agreed Protective Order dated _____, 2021; (2) hereby becomes a party to such Agreed Protective Order; and (3) agrees to abide by the terms thereof. This affirmation and agreement is being made to induce the parties to this action to make available to the undersigned certain items designated as "Confidential," or "Highly Confidential – Attorneys' Eyes Only."

Done this _____ day of _____, 20\_\_\_.

_____
Name

_____
Signature

*Exhibit A*